No. 685

PORTAGE RUBBER CO· et v. BATES

U. S. Court of Appeals, 6th Circuit
No. 3935. Decided April 11, 1924

127. BANKRUPTCY—1. Filing of involuntary petition equivalent to disablement to perform contract, and seller had option to treat contract as ended.

2. Damages to seller to be computed as of date of filing of involuntary petition, not as of date of adjudication.

3. Debt to be proved must be in existence at time of filing of petition.

HICKENLOOPER, D. J.
Epitomized Opinion

In March, 1921, Baird Rubber & Trading Co· entered into two written contracts for the sale of rubber to the Portage Rubber Co. for arrival and delivery in New York City in May and June of that year. Part of the rubber so sold was delivered in accordance with the contracts and delivery of the balance was postponed upon request of the purchaser. In May, 1921, three creditors of the Portage Rubber Co. filed an answer admitting the facts of the petition and averring its willingness to be adjudged a bankrupt. The adjudication was made in June, 1921. During the 21 days between the filing of the petition and the adjudication, the price of rubber declined rapidly and continuously.

The Baird Co. filed this petition in the District Court for an order directing the manner in which its claim might be liquidated, contending that it was entitled to the sum of $17,358.19, the difference between the contract price and the market price of the undelivered portion of the rubber as of the date of adjudication. The matter was referred to a master, who reported in favor of an allowance of the claim only in the sum of $9,183.14, the difference between the contract and market prices on the day of filing the petition in bankruptcy. Exceptions to this report by the Baird Co. were overruled by the District Court, whereupon an appeal was prosecuted· In affirming the judgment of the lower court, this court held:

1. Filing of involuntary petitnon, resulting in an adjudication of bankruptcy, was the equivalent of a disablement to perform a contract to purchase on the part of the bankrupt, and the seller thereupon had the option to treat the contract as ended, as far as further performance was concerned, as of the date of the filing of the petition, and to maintain an action to recover damages as for anticipatory breach.

2. Where bankrupt entered into contract to purchase rubber, and seller delayed shipment of part of it on request of bankrupt, and an involuntary petition in bankruptcy was then filed, and meanwhile the price of rubber rapidly declined, the seller's claim for damages is to be computed as of the date of the filing of the petition, and not as of the date of adjudication, under Bankruptcy Act, Par. 63a (4), being Comp. St. Par. 9647.

3. A debt arising from an anticipatory breach of an executory contract may be proved, under Bankruptcy Act, Par. 63a (4), being Comp. St. Par. 9647, and liquidated, under Section 63b, solely on the hypothesis that it was in existence at the time of the filing of the petition.

Attorneys—Jesse P· Dice, for Portage Rubber Co. et al; W. E. Young, for Bates; all of Akron.

---

# CONCORDANCE

New decisions affecting opinions recently rendered by Ohio courts and reported in the Ohio Law Abstract.

This list will be continued weekly, covering currently announced new decisions, and a monthly cumulated list will follow, to be subsequently merged into complete quarterly and semi-annual lists, each to be revised up to date of its issue.

### Revised and Corrected to October 22, 1924

The following cases, published in the Abstract, have been either passed upon in August and September, 1924, by the Ohio Supreme Court with the results noted, or are pending there, as shown by the references.

To secure brevity, abbreviations are used, aff. for affirmed; mo. cer. for motion to certify; den. for denied; dis. for dismissed; ov. for overruled; p. e. for petition in error; rev. for reversed; sus. for sustained; OA. for Ohio Court of Appeals; PC. or Pend. for Pending Case; OS. or SC. for Supreme Court.

For last Prior Concordance, see Abstract of August 27, 1924, pag 526.

Agin, Ad , v. Neuhart et, OS. Pend. 2 Abs. 408; mo. cer. ov., 2 Abs. 643.

Behm v. Wolfert, OA. 2 Abs. 647; OS. Pend., 2 Abs. 630.

Bradley v. ·Clev. Ry. Co., OA. 2 Abs. 222; mo. cer. sus , 2 Abs. 642.

Brockman v. State, OS. Pend. 2 Abs. 441; mo cer ov., 2 Abs. 643.